J. M. Allen v. Commissioner.
Allen v. Commissioner
Docket No. 64026.
United States Tax Court
T.C. Memo 1960-152; 1960 Tax Ct. Memo LEXIS 139; 19 T.C.M. (CCH) 802; T.C.M. (RIA) 60152; July 13, 1960
*139 Held: Respondent's disallowance of claimed away-from-home expenses and dependency exemptions sustained. J. M. Allen, pro se, 1218 Lillian Ave., Louisville, Ky. Arthur Clark, Esq., for respondent. BRUCE Memorandum Opinion BRUCE, Judge: The respondent determined a deficiency in petitioner's income tax for the calendar year 1955 in the amount of $341.00. The questions presented are: "1) Whether respondent erred in disallowing a deduction in the amount of $390 claimed by petitioner for away-from-home expenses; and "2) Whether respondent erred in disallowing dependency exemptions claimed by petitioner for his wife, son and mother." Petitioner resides in Louisville, Kentucky. He filed an individual income tax return for the calendar year 1955 with the collector of internal revenue for the district of Kentucky. *140 In the statement attached to the statutory notice of deficiency, respondent explained the deficiency as follows: "The taxpayer was requested to furnish additional information regarding the away from home expenses of $390.00; to complete a dependency schedule on John Alden [Allen], Jr. and Maggie Allen; and to state his wife's name and address, since he had stated on the return that he did not ask his wife whether she had income. In a letter, the taxpayer refused to comply with any of the requests. A proposal was mailed and the tax was computed disallowing the deduction and the dependents. The taxpayer refused to sign the Form 1902-B and did not furnish any information. * * *" The pertinent provisions of the Internal Revenue Code of 1954, sections 162(a)(2), 151(a), (b), (e)(1)(A), and 152(a)(1) and (4), are set forth below. [1]
*141 The burden is upon the petitioner to overcome the presumptive correctness of respondent's determination. This he has failed to do. Upon the call of this case for trial on June 27, 1960, petitioner insisted upon representing himself, notwithstanding the suggestion by the Court that he should have counsel. He did not offer the testimony of any witnesses or other evidence. At the conclusion of petitioner's unsworn statements, which themselves contained no substantiation of the deductions or exemptions claimed, the respondent moved for judgment on the ground that petitioner had failed to sustain his burden, which motion the Court announced would be granted. Decision will be entered for the respondent. Footnotes
1. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * *
(2) traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and * * *
SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. (a) Allowance of Deductions. - In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income. (b) Taxpayer and Spouse. - An exemption of $600 for the taxpayer; and an additional exemption of $600 for the spouse of the taxpayer if a separate return is made by the taxpayer, and if the spouse, for the calendar year in which the taxable year of the taxpayer begins, has no gross income and is not the dependent of another taxpayer. * * *
(e) Additional Exemptions for Dependents. (1) In General. - An exemption of $600 for each dependent (as defined in section 152) - (A) whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600, or * * *
SEC. 152. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) as received from the taxpayer): (1) A son or daughter of the taxpayer, or a descendant of either, * * *
(4) The father or mother of the taxpayer, or an ancestor of either, * * *↩